IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
NORTH AMERICAN BOXING              *
ORGANIZATION INTERCONTINENTAL      *
INC.                               *
      Plaintiff                    *     Civil No. 98-1766(SEC)
         v.                        *
NORTH AMERICAN BOXING              *
ORGANIZATION, INC., et al.         *
      Defendants                   *
************************************
NORTH AMERICAN BOXING              *
ORGANIZATION, INC., et al.         *
      Counter-Plaintiffs           *
         v.                        *
NORTH AMERICAN BOXING              *
ORGANIZATION INTERCONTINENTAL      *
INC.                               *
      Counter-Defendant            *
         v.                        *
JOSE BERRIOS                       *
      Third-Party Defendant        *
************************************
```

## JUDGMENT

On October 19, 2000, the Court issued plaintiff North American Boxing Organization Intercontinental Inc. a final Order to Show Cause why this case should not be dismissed for a lack of prosecution. **(Docket #72)**. To date, plaintiff has not responded to the Court's Order. Therefore, based on plaintiff's continued disregard for this Court's Orders, its claims are **DISMISSED with prejudice.**

**Applicable Law**

The First Circuit Court of Appeals has held that "a district court has broad authority to . . . dismiss a case for failure to obey . . . orders," John's Insulation, Inc. v. Addison and Associates, Inc., 156 F.3d 101, 108 (1st Cir. 1998)(quoting Robson v. Hallenbeck, 81 F.3d 1,2 (1st Cir. 1996)).



AO 72A
(Rev 8/82)

**Civil No. 00-1038(SEC)**                                                                                           2

In fact, "it has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." Id. (*quoting* Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). One of those inherent powers is the power to dismiss a case sua sponte for a party's failure to prosecute. Id.

**Background**

The Court did not arrive hastily at today's decision. To the contrary, the decision is one that has been made after giving plaintiff every opportunity to avoid this severe outcome. In order to demonstrate plaintiff's indisposition to prosecute this case, the Court relies of the following:

1. On December 16, 1999, defendant filed a motion for entry of default against plaintiff for failure to answer the alleged counter-claims. (Docket # 48). On December 21, 1999, the Court ordered plaintiff to show cause why the motion for default judgment should not be granted. (Docket # 49). However, plaintiff failed to respond to the Court's Order. Therefore, on April 26, 2000, a judgement of default was entered against plaintiff (Docket # 61).

2. On January 21, 2000, defendant sent plaintiff a request for admissions pursuant to Fed.R.Civ.P. 36. Once again, however, plaintiff disregarded the request.

3. On April 28, 2000, defendant filed a motion for summary judgment pursuant to Fed.R.Civ.P 56(b). (Docket # 62). Local Rule 311.5 establishes a 10-day period to oppose any motion. As of today, however, plaintiff has failed to oppose defendant's motion. Moreover, plaintiff has not requested an extension of time to do so.

4. On May 16, 2000, plaintiff's attorney of record, Rafael J. Vazquez Gonzalez, filed

AO 72A
(Rev 8/82)

Civil No. 00-1038(SEC)                                                                                      3

a motion to withdraw as counsel. (Docket # 53). On April 26, 2000, the Court granted plaintiff thirty (30) days to retain new counsel. (Docket # 60). Plaintiff failed to do so. On June 21, 2000, the Court granted attorney Vazquez's motion to withdraw and granted plaintiff an additional twenty days to retain new counsel. (Docket # 69). As of today, plaintiff has not engaged new counsel.

5.  Finally, on October 19, 2000, the Court issued an Order to Show Cause why the case should not be dismissed for a failure to prosecute. (Docket #72). However, as of today, and past the Court's deadline, plaintiff has remained silent.

**Conclusion**

As stated above, the Court is aware of the severity of the sanction imposed by today's ruling. Notwithstanding this fact, plaintiff has adequately demonstrated his unwillingness to pursue the claims **that he brought before this Court**.

In light of the foregoing, plaintiff North American Boxing Organization Intercontinental Inc.'s claims against defendant North American Boxing Organization Inc. are hereby **DISMISSED with prejudice**. As a result of today's ruling, defendant's motion for summary judgment **(Docket #62)** is rendered **MOOT**, and the Court retains jurisdiction over defendant's previously obtained Entries of Default **(Docket ## 46, 61).**

**SO ORDERED.**

In San Juan, Puerto Rico, this 6TH day of November, 2000.

SALVADOR E. CASELLAS
United States District Judge